UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. BLASI and PAULA J. BLASI, as TRUSTEES OF THE BLASI LIVING TRUST, On behalf of themselves and a class of similarly situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. Lime Rock Resources Operating Company, Inc., et al., | ) | Case No: 3:20-cv-91 |
| v. Kraken Development III LLC, | ) | Case No: 3:20-cv-92 |
| v. Continental Resources, Inc., | ) | Case No: 3:20-cv-93 |
| v. EOG Resources, Inc., | ) | Case No: 3:20-cv-94 |
| v. Bruin E&P Partners, LLC, et al., | ) ) | Case No: 3:20-cv-85 |
| Defendant(s). | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' POSITION REGARDING
CERTIFICATION OF LEGAL QUESTION
TO THE SUPREME COURT OF NORTH DAKOTA**

### I.   INTRODUCTION

[1]   Plaintiffs believe that although certification under N. D. R. App. P. 47 may well be proper at some point in these cases, it is premature now.  Plaintiffs position is that this court should deny Defendants motions to dismiss as Judge Traynor did in an earlier case, allow full discovery of all the relevant facts and decide the class certification issue to determine the extent of the issues involved in this case. After these stages, the court can again address certification of the question to the North Dakota Supreme Court with a fully developed factual record.  Two of the Defendants have argued at the recent status conference that certification is premature and the other two defendants have noted that they wish to "add facts" to the record which are not in plaintiffs' pleadings.  At the Motion to Dismiss stage, facts outside plaintiffs' complaint are not before this court and any insertion of facts requires discovery to test their veracity.  Accordingly,

1

Defendants' positions support plaintiffs' view that discovery is needed before a question should be certified to the North Dakota Supreme Court.

[2]     Alternatively, if the court decides to submit a certified question to the North Dakota Supreme Court at this early stage, it should submit the question and Statement of Facts and Law as it provided to the parties on October 30, 2020.  The court is impartial and has developed the question that it thinks is appropriate.  Any argument from the parties regarding how the question should be phrased will be necessarily biased.

## II.    LEGAL STANDARD

[3]     N. D. R. App. P. 47 provides a method for U.S. District Courts, among others, to seek the guidance of the North Dakota Supreme Court on questions of law which may be determinative of a proceeding where there is a no controlling precedent. The North Dakota Supreme Court's authority to answer a properly certified questions of law from a federal district court is discretionary.  *Mosser v. Denberg,* 2017 ND 169, 898 N.W.2d 406 (N.D. 2017). The rule requires "a statement of all facts relevant to the question certified, showing fully the nature of the controversy in which the question arose." The Explanatory Note further provides, "The purpose [of the factual statement] is to give the answering court a complete picture of the controversy so that the answer will not be given in a vacuum."

[4]     In *Bornsen v. Pragotrade, LLC*, 2011 ND 183, 804 N.W.2d 55 (N.D. 2011), Judge Kapsner, in dissent, stated in regard to certified questions being determinative, "That, however, is exactly what gives me concern. If the facts have been advanced to the point where the answer to the question 'will be determinative', the Court should not be asked to answer questions without the benefit of knowing those facts. Doing so exposes the judiciary to the danger of

improvidently deciding issues . . . ."  "[A]n undeveloped record creates risks of unintended consequences." *Id*. at 63.

[5]     The North Dakota Supreme Court held that a question without clearly settled or ascertained facts is not within the purview of N. D. R. App. P. 47 in *State v. Fahn,* 52 ND 134, 202 N.W. 130, 131, stating:

> The [present] case is the same as if the questions certified had been accompanied by a formal stipulation of facts signed by the parties. That was the situation in *Stutsman County v. Dakota Trust Co*., 45 N. D. 451, 178 N. W. 725. In refusing to adjudicate the questions submitted in that case, this court said:
>
> "In order, therefore, that this court may exercise its appellate jurisdiction in the consideration of a certified question of law, it is essential that the trial court must first exercise its sound discretion in determining that the question of law to be certified is doubtful, vital, and principally determinative of the issues in the case. This is essential in order that cases may not be delayed, and that the question of law certified (to become the law of the case when determined) *be not made determinative upon issues or facts not clearly settled or ascertained*. It is further necessary that the trial court determine, settle, adjudicate, and certify to the formulated question of law. *The question of law must be clearly stated, and not involve questions of fact or those of mixed law and fact, involving inferences of fact from particular facts stated in the certificate*. It must be so distinctly stated that it can be answered and determined by this court without regard to other issues of law or of fact. Otherwise this court may be required to pass upon and determine the issues of law or of fact presented as original questions. In the case at bar this procedure has not been followed. It cannot therefore assume jurisdiction." (Emphasis is ours.)

### III.     PLAINTIFFS POSITION

[6]     As the above legal standards make clear, a full factual record needs to accompany a certified question to the North Dakota Supreme Court. Indeed, the vast majority of cases where the North Dakota Supreme Court has agreed to answer certified questions from federal courts were at the summary judgment stage and discovery had been completed.  *See Mosser v. Denbury Resources, Inc*. 2017 ND 169, 898 N.W.2d 406 (N.D. 2017); *McKenzie County v. Hodel et al*, 467 N.W.2d 701 (N.D. 1991); *Target v. Automated Maintenance Services*, 492 N.W.2d 899 (N.D. 1992); *Hiltner v. Owners Insurance Company*, 2016 ND 45, 876 N.W.2d 460 (N.D. 2016).

[7]     Certifying a question in the present case prior to discovery and class certification may lead to the type of unintended consequences and incorrect results that concerned Judge Kapsner and the Court in *Fahn* (supra).  In the present matter there has been absolutely no discovery. Based on plaintiffs' counsel's experience in numerous other oil royalty cases, it is not anticipated discovery will be protracted or involve particularly difficult issues, however such discovery is necessary to provide the North Dakota Supreme Court with a sufficient factual record.

[8]     Presently, no factual record other than the allegations in plaintiffs' complaint are subject to review.  Yet, all of the Defendants have expressed a desire to add additional "facts" to the Certification submission. Plaintiffs have not had any opportunity to test the veracity of these yet to be identified "facts" and it is patently unfair for defendants to submit additional untested assertions of facts at this point, particularly when the case is at the Motion to Dismiss stage. If after review of the parties position statements, the court is inclined to submit a certified question, the court should not alter the proposed submission. Again, the Defendants have access to all of the facts and the Plaintiffs are limited to the facts available to them as royalty owners.   Engaging the parties to submit proposed questions puts plaintiffs at an unfair disadvantage.

## IV.    CONCLUSION

[9]     For the above referenced reasons, plaintiffs request the Court allow discovery and class certification to conclude before certifying any proposed question to the North Dakota Supreme Court.  Should the court decide to certify a question now, plaintiffs believe the question and facts currently posed by the court are appropriate and modifications or additional facts outside of the pleadings should not be allowed by any of the parties.

Submitted By:

MONTGOMERY & PENDER, P.C.

*/s/ Mike Montgomery*
Mike Montgomery (ND# 05089)
Kyle G. Pender (ND# 06300)
5630 34th Avenue South, Suite 120
P.O. Box 9199
Fargo, ND 58104
Phone: (701) 281-8001
Direct: (701) 809-7001
Fax:    (701) 281-8007
Email:  mike@mplawnd.com

SHARP LAW, LLP

*/s/ Rex A. Sharp*
Rex A. Sharp
5301 West 75th Street
Prairie Village, KS 66208
(913) 563-6250
rsharp@midwest-law.com

Isaac L. Diel
idiel@midwest-law.com
Gregory M. Bentz
gbentz@midwest-law.com
Chuck Schimmel
Cschimmel@midwest-law.com
Financial Plaza
6900 College Blvd, Suite 285
Overland Park, KS  66210
(913) 661-9931

**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS**

## CERTIFICATE OF SERVICE

On November 16, 2020, the foregoing document was submitted to the Court, and thereby served by the CM/ECF system on counsel who have appeared of record in this case.

*/s/ Rex A. Sharp*

5