IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| David A. Blasi and Paula J. Blasi, as Trustees of the Blasi Living Trust, on behalf of themselves and a class of similarly situated persons, | ORDER FOR CERTIFICATION |
| Plaintiffs, | |
| v. Lime Rock Resources Operating Co., Inc., et al., | Case No. 3:20-cv-00091 |
| v. Kraken Development III LLC | Case No. 3:20-cv-00092 |
| v. Continental Resources, Inc., | Case No. 3:20-cv-00093 |
| v. EOG, Resources, Inc., | Case No. 3:20-cv-00094 |
| v. Bruin E&P Partners, LLC, et al., | Case No. 3:20-cv-00085 |
| Defendants. | |

## I.  QUESTION OF LAW CERTIFIED TO THE NORTH DAKOTA SUPREME COURT.

Pursuant to North Dakota Rule of Appellate Procedure 47, the United States District Court for the District of North Dakota hereby certifies the following question of law to the North Dakota Supreme Court:

> Whether the instant oil royalty provision is interpreted to mean the royalty is based on the value of the oil "at the well:"
>
>> Lessee agrees … "[t]o deliver to the credit of the lessor, free of cost, in the pipeline to which lessee may connect wells on said land, the equal [fractional] part of all oil produced and saved from the leased premises."

## II.  STATEMENT OF FACTS RELEVANT TO QUESTION CERTIFIED.

1. The Certified Question of Law is raised by the allegations in the Complaints in these five pending matters before the United States District Court. Plaintiffs are Trustees of the Blasi Living Trust, which is purportedly the successor in interest to multiple oil and gas leases ("Leases") covering certain lands in North Dakota, thus making the Trust the Lessor under the

1

Leases (hereafter "Lessor"). Defendants are oil and gas producers that allegedly are or have acquired the Lessees' interests under the Leases (hereafter "Lessees"). Lessor claims the Lessees have produced and sold oil from wells subject to the Leases. An exemplar Lease is attached to this Order for Certification as Exhibit A.

2. The Leases contain an oil royalty clause that states Lessee agrees:

> To deliver to the credit of Lessor, free of cost, in the pipeline to which Lessee may connect wells on said land the equal [fractional] part of all oil produced and saved from the leased premises.

3. Lessor receives a cash royalty from Lessees rather than an in-kind royalty. Lessor claims it has been underpaid royalties because various post-production costs have been deducted from the sales price of the oil prior to calculating the cash royalty. These deductions have been described as "costs such as gathering or moving the oil and other costs" in the Complaints. Lessor claims the deduction of post-production costs violates the oil royalty provision because the royalty is to be paid "free of cost." Lessor has sued for breach of contract.

4. In each of these cases, Lessees have brought a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Lessees generally contend the royalty is to be valued at or near the wellhead and assert the "at the well rule" applies, citing Bice v. Petro-Hunt, L.L.C., 2009 ND 124, 768 N.W.2d 496. Lessees have asserted that Lessor's claims fail as a matter of law because post-production costs may be deducted under the "at the well rule." Lessor contends dismissal under Rule 12(b)(6) is not appropriate.

### III. STATEMENT OF LACK OF CONTROLLING PRECEDENT IN NORTH DAKOTA.

The Court believes there is no controlling precedent of the North Dakota Supreme Court on the interpretation of the instant oil royalty provision. This royalty provision has not been

construed and, in this Court's opinion, is substantially different from the royalty provisions at issue in <u>Bice v. Petro-Hunt, L.L.C.</u>, 2009 ND 124, 768 N.W.2d 496, <u>Kittleson v. Grynberg Petroleum Company</u>, 2016 ND 44, 876 N.W.2d 443, and <u>Newfield Exploration Company v. State ex rel. North Dakota Board of University and School Lands</u>, 2019 ND 193, 931 N.W.2d 478.

The Court believes this question involves interpretation of North Dakota law of some magnitude. There are at least six separate putative class action suits involving claims of underpaid oil royalties pending in the United States District Court for the District of North Dakota involving the interpretation of the oil royalty provision set forth in the certified question of law. Furthermore, there is a decision from the United States District Court for the District of North Dakota that concluded a lessor in a similar case presented a plausible claim for relief and denied dismissal. <u>White River Royalties, LLC v. Hess Bakken Invest. II, LLC.</u>, Case No. 1:19-cv-00218, Doc. No. 32 (D.N.D. May 22, 2020).

### IV.    **RESOLUTION OF THE QUESTION OF LAW MAY BE DETERMINATIVE.**

Resolution of the certified question of law may be determinative of the proceedings. Specifically, if the "at the well rule" applies then the Lessor's claims for unpaid royalties will likely be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). The resolution of this question will also impact future oil royalty claims. Because of the significance of this question of law on payment of oil royalties in the state involving the instant royalty provision, the Court believes it ought to be resolved by the North Dakota Supreme Court.

Dated this 30th day of November, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court